IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES T. ANTHONY, | ) | Case No. 5:22-cv-735 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| DAVID W. GRAY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Charles T. Anthony, is serving an aggregate sentence of 20 years to life in prison after a jury found him guilty of raping and committing gross sexual imposition against his grandnieces, Jane Doe #1 and Jane Doe #2. Anthony, pro se, now petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, raising three[1] claims for relief. ECF Doc. 1. Anthony asserts:

> **Ground One**: There was insufficient evidence to support Anthony's rape conviction. ECF Doc. 1 at 5.

> **Ground Two**: Trial counsel was ineffective when he failed to object to (i) hearsay testimony that (a) Jane Doe #1 told her counselor that Anthony had sexually abused her, (b) Jane Does #1 and #2 disclosed their abuse to a member of the Stark County Department of Job and Family Services, and (c) Jane Doe #1 told a detective that she believed something had happened with her sister; and (ii) other acts testimony that the sisters were made to watch Anthony masturbate. ECF Doc. 1 at 7.

---

[1] Anthony's petition asserts as a fourth claim for relief that "the State Court adjudication of [his] claims resulted in decisions that are contrary to and involve[] an unreasonable application of clearly established Federal law; and resulted in decisions that are based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings." ECF Doc. 1 at 10. Because such a claim is necessarily subsumed into the merits of Anthony's claims for relief in Grounds One through Three, I decline to read Anthony's petition as raising a fourth discrete claim for relief. *See* 28 U.S.C. § 2254(d).

**Ground Three**: Appellate counsel was ineffective when he failed to adequately argue Anthony's sufficiency of the evidence assignment of error.  ECF Doc. 1 at 8.

Respondent, Warden David W. Gray, filed a return of writ, arguing that: (i) Anthony's Ground One and Ground Two claims were unexhausted and otherwise meritless; and (ii) that Anthony's Ground Three claim was meritless.  ECF Doc. 8.  In response, Anthony filed a motion to stay and hold these proceedings in abeyance so he could return to state court and exhaust his Ground One and Ground Two claims.  ECF Doc. 10.  Because the matter had been inadequately briefed, the court ordered Anthony to further address the issue in his traverse and held the motion in abeyance.  ECF Doc. 11.  Anthony thereafter filed a traverse.  ECF Doc. 12.

In light of Anthony's recent state-court exhaustion efforts, Anthony's motion is DENIED.  I recommend that Anthony's Ground One and Ground Two claims be DISMISSED as procedurally defaulted or DENIED as meritless and that his Ground Three claim be DENIED as meritless.  I further recommend that Anthony not be granted a certificate of appealability.

## I.      State Court History

### A.      Trial Court

On February 14, 2020, a Stark County, Ohio, grand jury returned a secret indictment charging Anthony with two counts of rape (Counts One and Two) and two counts of gross sexual imposition (Counts Three and Four).  ECF Doc. 8-1 at 4–5.  Counts One and Three related to "Jane Doe #1," and Counts Two and Four related to "Jane Doe #2."  *Id.*  Anthony pleaded not guilty.  ECF Doc. 8-1 at 7.

On July 28, 2020, Anthony's case was tried before a jury.  ECF Doc. 8-1 at 183; ECF Doc. 8-2 at 1.  The following facts were established by the trial evidence, as described by the Ohio Court of Appeals:

2

{¶3} Jane [Does #1 and #2] are sisters; at the time of trial, Jane Doe [#1] was age 16 and [Jane] Doe [#2] was age 19.  The sisters presently live with their mother ("Mother") and younger siblings in Stark County, but when they were younger the family moved around a lot.  For a time when the girls were in elementary school, they lived with their great-grandmother ("Great-Grandmother") in the Bexley Townhomes in Plain Township, Ohio.  Mother lived elsewhere during this time, but the girls remained in Plain Township so they could attend Plain schools.

{¶4} [Anthony] is the son of Great-Grandmother and the uncle of Mother.  He is therefore the great uncle of Jane [Does #1 and #2].  While the girls lived with Great-Grandmother, [Anthony] visited regularly.

{¶5} The townhome Great-Grandmother lived in had a full basement consisting of a main area, laundry room, and half-bathroom.

{¶6} In the spring of 2019, Jane Doe [#1] disclosed to a friend that [Anthony] sexually abused her when she was a child and living with Great-Grandmother.  The friend advised Jane [Doe #1] to seek therapy to deal with her feelings surrounding the disclosure.  Jane [Doe #1] began to see a therapist and told the therapist about the sexual abuse.  The therapist, a mandatory reporter of child abuse, called the Children's Network hotline in Stark County and reported Jane[ Doe #1's] allegations.

{¶7} A joint investigation was initiated between a social worker from Children's Services, Deputy Von Spiegel of the Stark County Sheriff's Department, and a pediatric nurse practitioner from the Stark County CARE Center.

{¶8} Jane Doe [#1] disclosed that when she was in kindergarten or first grade, and less than 10 years old, she came home from school and needed to use the bathroom.  She ran downstairs to use the basement bathroom, and when she attempted to exit the room, [Anthony] stopped her and said she wasn't allowed to leave until she touched his penis.  [Anthony] was clothed but his pants were down.  [Anthony] made Jane touch his penis with her hands and placed his penis in her mouth.

{¶9} This was the only incident of sexual abuse Jane [Doe #1] recalled, although she remembers that [Anthony] was always "touchy" and made her uncomfortable.  She disclosed the abuse to her therapist because she was angry at herself that she couldn't do anything to stop it, and eventually understood she was a child and not at fault.

{¶10} Jane[ Doe #1's] disclosure to the therapist resulted in Children's Services visiting Mother and advising her of the allegations.  During the ensuing

investigation, Mother and Deputy Von Spiegel asked [Jane] Doe [#2] if anything occurred with [Anthony].  [Jane] Doe [#2] testified that she felt she could disclose now, too, because her younger sister did so first, and her sister was not alone.

{¶11} [Jane Doe #2] disclosed that when she was around eight years old and in approximately fourth grade, she recalled [Anthony] making [the sisters] watch him in the basement while he masturbated to climax.  Once, [Anthony] pulled down [Jane Doe #2's] pants and put his mouth on her vagina.  Finally, [Jane Doe #2] recalled an incident which occurred in the living room, when [Anthony] told her that he had candy in his pocket.  [Jane Doe #2] reached into his pocket and there was no candy; [Anthony] had a hole in his pocket and made her touch his penis.

{¶12} [Jane Doe #2] was over the age of 18 when she disclosed the abuse so the Children's Services portion of the investigation did not include her; the forensic interview and medical examination were utilized for Jane [Doe #1] because she was a minor.  Both sisters disclosed the abuse to the investigating social worker, and Jane [Doe #1] disclosed the abuse to the nurse practitioner who examined her.

{¶13} Deputy Von Spiegel investigated the allegations and contacted [Anthony] to ask for his side of the story.  [Anthony] avoided Von Spiegel and left voice messages for the deputy claiming the deputy couldn't call back because [Anthony] didn't know his own cell phone number.

* * *

{¶14} [Anthony] called one defense witness, his sister ("Sister").  Sister testified that Great[-]Grandmother is now 90 years old and is not in a position to testify.  Sister testified that Great[-]Grandmother lived in the Bexley Townhomes between 2008 and 2011, and during that time Mother and the sisters lived in Georgia because the extended family visited them there.  Sister never saw any conduct between [Anthony] and the children that she found to be alarming.

ECF Doc. 8-1 at 97–99.[2]

The jury found Anthony guilty of Counts Two, Three, and Four and acquitted him of Count One.  *See* ECF Doc. 8-1 at 18–19.  The trial court subsequently sentenced Anthony to an aggregate sentence of 20 years to life, consisting of a term of 10 years to life on Count Two and consecutive 60-month terms on each of Counts Three and Four.  ECF Doc. 8-1 at 22.

---

[2] These factual findings are presumed correct unless Anthony rebuts them with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

4

**B.     Direct Appeal**

On August 28, 2020, Anthony appealed through new counsel.  ECF Doc. 8-1 at 26.

Anthony asserted three assignments of error:

> (i)     Anthony's convictions were against the manifest weight and sufficiency of the evidence.
>
> (ii)    The state failed to present sufficient evidence to sustain Anthony's rape conviction.
>
> (iii)   Anthony was denied effective assistance of trial counsel.

ECF Doc. 8-1 at 34–44.

Anthony's sufficiency-related assignments of error argued that he could not have been convicted of rape because the state presented no evidence that he engaged in vaginal intercourse, anal intercourse, or fellatio.  ECF Doc.  8-1 at 36, 40–41.  And Anthony argued that Jane Doe #2's testimony was insufficient to establish rape by cunnilingus.  *Id.*

Anthony's ineffective assistance of trial counsel assignment of error argued that it was objectively unreasonable for trial counsel not to object to: (i) the mother's hearsay testimony of what Jane Doe #1 told her counselor; (ii) the family services investigator's hearsay testimony of what both Jane Does told the investigator; (iii) the detective's hearsay testimony of what Jane Doe #1 believed; (iv) the family services investigator's hearsay and credibility-supporting testimony that Jane Doe #1's sex abuse allegations were substantiated; (v) the detective's testimony of his efforts to contact Anthony; and (vi) Jane Doe #2's irrelevant testimony that the sisters were forced to watch Anthony masturbate.  ECF Doc. 8-1 at 42–44.  The state filed an appellee brief.  ECF Doc. 8-1 at 60–95.

On May 21, 2021, the Ohio Court of Appeals overruled Anthony's assignments of error and affirmed his convictions.  ECF Doc. 8-1 at 96–108; *State v. Anthony*, No. 2020CA00126,

2021 Ohio App. LEXIS 1682 (Ohio Ct. App. May 21, 2021) (unreported).  The court addressed

Anthony's sufficiency-related assignments of error together, stating:

> {¶26} As acknowledged by [Anthony] in his brief, [Jane Doe #2] testified
> [Anthony] placed his mouth "on" her vagina. … Specifically, [Anthony] argues
> the evidence [Anthony] placed his mouth "on" the victim's vagina is insufficient
> to establish the element of sexual misconduct.  [Anthony] implies there must be
> some insertion or penetration to accomplish rape by means of cunnilingus.  We
> note, however, that intercourse by means of penetration, cunnilingus, and
> intercourse each constitute "sexual conduct" in the disjunctive.  In other words,
> "cunnilingus" does not include elements of insertion or penetration.
>
> {¶27} We thus find the act described by the victim sufficiently describes an
> act of forcible cunnilingus. … It is well-established that the weight of the
> evidence and the credibility of the witnesses are determined by the trier of fact.
> … We are mindful, moreover, that "[c]orroboration of victim testimony in rape
> cases is not required." … [Anthony's] conviction upon one count of rape is
> supported by sufficient evidence, i.e. the testimony of [Jane Doe #2] that
> [Anthony] placed his mouth "on" her vagina.

ECF Doc. 8-1 at 103 (internal citations omitted).

The Ohio Court of Appeals next addressed Anthony's ineffective assistance of counsel

assignment of error, stating:

> {¶34} The first three instances of alleged ineffective assistance are similar,
> and [Anthony] alleges defense trial counsel failed to object to inadmissible
> hearsay testimony.  Mother testified she learned of the sexual abuse allegations
> when Jane Doe [#1] disclosed to a counselor; a social worker testified that Jane
> Doe [#1] described the sexual abuse to her in two interviews; and Deputy Von
> Spiegel testified Jane Doe [#1] told him she thought something happened to her
> sister.  [Anthony] argues the cited testimony was inadmissible, objectionable
> hearsay offered for the truth of the matter asserted.  We disagree.  In the context
> of each witness' testimony, the fact that Jane Doe [#1] disclosed abuse to each
> witness explains why the witness took certain actions afterward, such as the next
> steps in the investigation.
>
> {¶35} A statement is not hearsay when offered for a purpose other than to
> prove the truth of the matter asserted. … Testimony about the disclosures by Jane
> Doe [#1] to the other witnesses was necessary to explain why those witnesses
> took certain actions.  The statements are akin to a police officer's testimony
> explaining the steps in an investigation.  * * *

{¶36} We therefore conclude that defense trial counsel did not err in failing to object to the cited non-hearsay testimony.

{¶37} Next, [Anthony] argues defense trial counsel should have objected to the social worker's testimony that the sexual abuse was "substantiated." [The prosecution] asked the social worker whether she is required to close each case with a disposition, and the social worker responded in the affirmative. When asked the disposition of this case, the social worker said "substantiated" and explained the disposition was premised upon multiple similar disclosures to professionals, the medical diagnosis of the nurse practitioner, and the corroboration of each sister that the other was abused. [Anthony] argues defense trial counsel should have objected to the cited testimony as inadmissible hearsay, but we again find the testimony is not hearsay. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted. … In this instance, the evidence is the social worker's conclusion reached in her investigation.

{¶38} The admission of unfavorable evidence at trial does not establish ineffective assistance of counsel. All evidence is prejudicial to the opposing party in the sense that all evidence is unfavorable to the party against whom it is introduced. … Defense trial counsel may have sought not to draw further attention to the unfavorable outcome of the Children's Services investigation, and upon cross-examination focused upon deficiencies in the investigation. We recognize tactical decisions, such as whether and when to object, ordinarily do not give rise to a claim for ineffective assistance. … Thus, "[t]he failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel." * * *

{¶39} [Anthony] next argues that counsel was ineffective in failing to object to Von Spiegel's testimony that he called [Anthony] several times and left business cards for him, asserting this was improper commentary on [Anthony's] right to remain silent. The Ohio Supreme Court has held "that use of a defendant's pre-arrest silence as substantive evidence of guilt violates the Fifth Amendment privilege against self-incrimination." … We find there was no such motive involved in eliciting the cited testimony. Defense trial counsel argued the investigation of the sisters' allegations was insufficient because no one got [Anthony's] side of the story or attempted to speak to other family members. Defense trial counsel built upon the cited testimony by Von Spiegel to show that he should have made a stronger effort to speak to [Anthony], and elicited from Von Spiegel upon cross-examination that it was not uncommon for an alleged perpetrator not to speak to him and [Anthony] was entitled not to do so. * * *

{¶40} Finally, [Anthony] cites [Jane] Doe[ #2's] testimony that [Anthony] made [Jane Doe #2] and [Jane Doe #1] watch while he masturbated, arguing this was irrelevant evidence of unindicted bad acts which trial counsel should have objected to. We find that even if counsel erred in failing to object to the

> testimony, there is no reasonable probability that, but for the failure to object,
> appellant would have been acquitted.  * * *

ECF Doc. 8-1 at 105–07 (internal citations omitted).

On November 28, 2022, Anthony filed a pro se motion to file a delayed appeal with the

Ohio Supreme Court.  ECF Doc. 12-4.  Anthony argued that he did not timely appeal because

appellate counsel failed to notify him of the Ohio Court of Appeals' decision.  ECF Doc. 12-4 at

2.  He argued that he only became aware of the decision "months" later, when a prison law clerk

found the decision on Lexis.  *Id.*

On January 17, 2023, the Ohio Supreme Court denied Anthony's motion.  *State v.*

*Anthony*, No. 2022-1451, 2023 Ohio Lexis 50 (Ohio Jan. 17, 2023).

### C.      Ohio R. App. 26(B) Application to Reopen

On August 12, 2021, Anthony filed a pro se application to reopen, under Ohio App. R.

26(B).  ECF Doc. 8-1 at 115.  Anthony sought to reopen based on appellate counsel's failure to

adequately brief his sufficiency of the evidence assignment of error, because: (i) appellate

counsel failed to articulate "the true standards of insufficient evidence"; and (ii) the only

evidence against him was circumstantial and speculative inferences drawn therefrom.  ECF Doc.

8-1 at 118–21.  Anthony argued that appellate counsel also erred by only raising issues of state

law.  *See* ECF Doc. 8-1 at 120.  The state filed a memorandum in opposition.  ECF Doc. 8-1 at

126–34.

On October 22, 2021, the Ohio Court of Appeals denied Anthony's Rule 26(B)

application to reopen.  ECF Doc. 8-1 at 136–41.  The court stated:

> First, [Anthony] argues appellate counsel was ineffective in failing to artfully
> argue his sufficiency-of-the-evidence claim.  [Anthony] insists his convictions
> cannot rest upon testimony alone when there was no physical evidence.  We note
> that appellate counsel did argue the evidence was insufficient to support his
> convictions.  We reviewed the entire record before overruling the assignment of

error. [Anthony] argues, without citing relevant authority, that "[w]here there is no evidence as to a sexual encounter the evidence is insufficient." In the instant case, we have already found that the victims' testimony about the sexual abuse is sufficient, if believed by the jury. The testimony of a single witness, if believed by the trier of fact, is sufficient to support a conviction. … [Anthony's] first proposed assignment of error is without merit.

[Anthony] next argues appellate counsel was ineffective in failing to raise federal constitutional claims, but it is not clear what those claims should have been. Further, upon our review of the record, no constitutional claims were raised before the trial court. Generally, a constitutional argument that is not raised in the trial court is "waived and cannot be raised for the first time on appeal." … We may still "consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." … We are unable to discern any applicable constitutional issue in the instant case.

[Anthony] has therefore failed to establish ineffective assistance of appellate counsel. * * *

[Moreover, Anthony's] argument here would not have changed the outcome of his appeal and he has therefore failed to establish ineffective assistance of appellate counsel.

ECF Doc. 8-1 at 138–41 (internal citations omitted).

Anthony appealed to the Ohio Supreme Court. ECF Doc. 8-1 at 142–43. Anthony's memorandum in support of jurisdiction restated his proposed assignments of error from his Rule 26(B) application as propositions of law. ECF Doc. 8-1 at 145–54. The state filed a memorandum in response. ECF Doc. 8-1 at 164–78. On March 15, 2022, the Ohio Supreme Court declined to exercise jurisdiction. ECF Doc. 8-1 at 179.

## II.    Law & Analysis

### A.    Motion to Stay

Generally, a state prisoner must exhaust available state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). When a § 2254 petition contains unexhausted

claims, the court may stay the petition and hold it in abeyance while the petitioner exhausts available state court remedies.  *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009).

Anthony has moved to stay and hold these proceedings in abeyance so that he can attempt to exhaust his Ground One and Ground Two claims by way of a motion for leave to file a delayed appeal in the Ohio Supreme Court.  ECF Doc. 10.  During the time his motion has been pending in our court, Anthony's delayed appeal motion was filed in and later denied by the Ohio Supreme Court.  *Anthony*, No. 2022-1451, 2023 Ohio LEXIS 50; ECF Doc. 12-4.  Anthony now has no legal mechanism by which to raise his Ground One sufficiency of the evidence claim and Ground Two ineffective assistance of trial counsel claim in Ohio courts; they would be barred by Ohio's res judicata doctrine.  *State v. Were*, 120 Ohio St.3d 85, 87 (Ohio 2008).  Anthony's claims are, therefore, "exhausted" and his motion to stay moot.  *Hanna v. Ishee*, 694 F.3d 596, 606–07(6th Cir. 2012).  Thus, Anthony's motion to stay (ECF Doc. 10) is DENIED.

**B.      Grounds One and Two**

Anthony's Ground One and Ground Two claims reiterate his Ohio Court of Appeals arguments that there was insufficient evidence to support his rape conviction and that trial counsel was ineffective for not objecting to the testimony of the victims' mother, the child services investigator, the detective, and Jane Doe #2.  ECF Doc. 1 at 5, 7; ECF Doc. 12 at 9–13.  Warden Gray responds that Anthony's Ground One and Ground Two claims are procedurally and meritless.  ECF Doc. 8 at 10–23, 29–32.

Anthony's traverse argues that he can establish "cause" to overcome his procedural default through a claim of ineffective assistance of appellate counsel, based on appellate counsel's failure to notify him of the Ohio Court of Appeals' decision.  ECF Doc. 12 at 5–6.  Anthony argues that also did not receive a date-stamped copy of the Ohio Court of Appeals'

decision until September 19, 2022, when the warden filed his return of writ.  ECF Doc. 12 at 4.
Anthony further argues that dismissing his claims as defaulted would be a fundamental
miscarriage of justice.  ECF Doc. 12 at 8.

### 1. Procedural Default

#### a. Default

The procedural default doctrine precludes a federal court from reviewing a habeas claim
on the merits if the petitioner has failed to follow the state's procedural requirements for
presenting his claim in state court.  *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991).  This
doctrine flows from the insight that courts must have the authority to insist that "defendants
present their arguments on time and according to established procedures."  *Benton v. Brewer*,
942 F.3d 305, 307 (6th Cir. 2019).  And the petitioner must have fairly presented his claims as
federal constitutional claims at every stage of state review.  *Wagner v. Smith*, 581 F.3d 410, 418
(6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  Thus, we will not
consider a habeas claim if "the last state-court judgment denying relief on the claim rests on a
procedural state-law ground that is independent of the federal question and is adequate to support
the judgement."  *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (internal quotation marks
omitted).

This Circuit uses a four-part test to decide whether a petitioner has procedurally defaulted
his claim.  Procedural default occurs if: (i) the petitioner fails to comply with a state procedural
rule; (ii) the state courts enforced the rule; (iii) the state procedural rule is an adequate and
independent state ground for denying review of a federal constitutional claim; and (iv) the
petitioner cannot show cause and prejudice that would excuse the default.  *See Maupin v. Smith*,
785 F.2d 135, 138 (6th Cir. 1986).

Anthony's Ground One and Ground Two claims are procedurally defaulted.  He did not obtain Ohio Supreme Court review of these claims on the merits, because he failed to file a timely request for jurisdictional review.  Appeals to the Ohio Supreme Court must be filed within 45 days after the Ohio Court of Appeals enters judgment.  Ohio S. Ct. R. 7.01(A)(1)(a)(i).  Thus, Anthony had until July 5, 2021 to appeal the Ohio Court of Appeals' May 21, 2021 decision.  ECF Doc. 8-1 at 188.  The Ohio Supreme Court enforced its timeliness rules when it denied Anthony's motion for leave to file a delayed appeal.  *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (holding the Ohio Supreme Court's unexplained denial of a motion for leave to file a delayed appeal constituted enforcement of its timeliness rules).  And failure to abide by the Ohio Supreme Court's timeliness rules is an adequate and independent state ground for denying review of a federal constitutional claim.  *Baker v. Bradshaw*, 495 F. App'x 560, 565 (6th Cir. 2012) (citing *Bonilla*, 370 F.3d at 497).[3]  Thus, Anthony's Ground One and Ground Two claims are procedurally defaulted.

### b.      Safety-Valves

Because the procedural-default bar to federal habeas review is harsh, courts have created safety-valves.  A petitioner can obtain review of procedurally defaulted claims if he shows: (1) "cause," *i.e.* that some external factor kept him from complying with the state rule or fairly presenting his claim; and (2) "prejudice," *i.e.* that, assuming the petitioner's constitutional claim has merit, there is a reasonable probability that a different verdict would have resulted if the alleged constitutional violation hadn't occurred.  *Coleman*, 501 U.S. at 750; *Wogenstahl v.*

---

[3] Anthony's traverse appears to argue that Ohio petitioners should not be required to present their federal claims to the Ohio Supreme Court because of the discretionary nature of such appeals.  *See* ECF Doc. 12 at 6–8.  Anthony's argument is foreclosed by *O'Sullivan v. Boerckel*, where the Supreme Court rejected a similar argument in reference to the discretionary nature of appeals to the Illinois Supreme court.  526 U.S. 838, 844–47 (1999).  We have no authority to hold otherwise.  *See Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983).

*Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012).  A habeas petitioner can also obtain review of a procedurally defaulted claim if his procedurally defaulted claim is based on new evidence that he was factually innocent of the crime of conviction.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Anthony has not established "cause" to excuse his procedural default.  Anthony attributes the failure to file a timely notice of appeal to appellate counsel's failure to advise him of the Ohio Court of Appeals' decision in time for him to seek Ohio Supreme Court review.  A claim of ineffective assistance of appellate counsel can serve as "cause" to excuse procedural default.  *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 490–92 (1986)).  And although there is no Sixth Amendment right to counsel in a discretionary appeal to the Ohio Supreme Court, the Sixth Amendment requires that appellate counsel nevertheless inform his client of the outcome of the proceeding.  *See Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 434 (6th Cir. 2006).  However, such a claim is itself procedurally defaulted, precluding it from serving as "cause," because Anthony raised it for the first time in his motion for leave to file a delayed Ohio Supreme Court appeal and any future attempt to raise the claim would be untimely.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); Ohio App. R. 26(B)(1); *see Stewart v. Russell*, No. 1:01CV1785, 2007 U.S. Dist. LEXIS 98575, at *26 (N.D. Ohio Feb. 1, 2007) ("A motion for leave to file a delayed appeal is a procedural motion that does not raise an appellant's claims in the Ohio Supreme Court."), *report and recommendation adopted*, 2009 U.S. Dist. LEXIS 66251 (N.D. Ohio July 29, 2009).

Anthony's proposed ineffective assistance of appellate counsel claim would also be meritless.  Anthony would have to establish a "reasonable probability that, but for counsel's deficient failure to notify [him] of the Ohio Court of Appeals decision, [he] would have timely appealed to the Ohio Supreme Court."  *Smith*, 463 F.3d at 435 (internal quotation marks

omitted).  "[I]f the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal – here, forty-five days – the defendant fails to demonstrate that he or she would have timely appealed the decision but for counsel's deficient performance."  *Id.* (internal quotation marks omitted; emphasis in original).  Although Anthony claims to have learned of the Ohio Court of Appeals' decision in July 2021, he made no effort to vindicate his right to an appeal until November 28, 2022 – a significantly greater period than the 45 days provided by law.  ECF Doc. 10 at 2; ECF Doc. 12-4.  Thus, Anthony cannot establish prejudice on account of appellate counsel's alleged ineffective assistance.  *Cf. Smith*, 462 F.3d at 435.

Anthony also cannot establish "cause" to excuse the default of his Ground Two ineffective assistance of counsel claim through the *Martinez-Trevino* exception.  The exception applies to claims of ineffective assistance of trial counsel when: (i) the claim is "substantial"; (ii) the petitioner had no counsel or counsel was ineffective in his collateral-review proceeding; (iii) the collateral-review proceeding was the "initial" review of the defaulted claim; and (iv) the applicable state's law "makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity" to raise the claim on direct appeal.  *Trevino v. Thaler*, 569 U.S. 413, 429 (2013); *Martinez v. Ryan*, 566 U.S. 1, 9, 17 (2012); *see also White v. Warden, Ross Corr. Inst.*, 940 F.3d 270, 276 (6th Cir. 2019).  Here, the exception does not apply because "initial" review of Anthony's Ground Two claim occurred on direct appeal.  *Cf. Statzer v. Marquis*, No. 1:18-cv-626, 2020 U.S. Dist. LEXIS 54754, at *41 (S.D. Ohio Mar. 30, 2020), *supplemented*, 2020 U.S. Dist. LEXIS 129854 (S.D. Ohio July 23, 2020), *report and recommendation adopted sub nom.*, *Statzer v. Warden*, 2018-cv626, 2020 U.S. Dist. LEXIS 223521 (S.D. Ohio Nov. 30, 2020).

Lastly, Anthony cannot avail himself of the fundamental-miscarriage-of-justice exception.  Anthony cites his claims for relief as the basis for the application of the exception to his case.  ECF Doc. 12 at 8.  However, none relies on "new" evidence; rather, they rely on the alleged insufficiency of the state's evidence, on testimony at trial counsel failed to object to, and the alleged inadequacy of appellate counsel's briefing.  *Schlup*, 513 U.S. at 324.  And Anthony's Ground One and Ground Three claims, challenging whether the evidence presented at trial was sufficient to establish his guilt, relate to his legal innocence, as opposed to his actual innocence.  *See Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012).

I recommend that Anthony's Ground One and Ground Two claims be DISMISSED as procedurally defaulted.

### 2.    Merits

Even if not procedurally defaulted, Anthony's Ground One and Ground Two claims would fail for lack of merit.

### a.    Ground One

In reviewing a claim of lack of sufficient evidence, federal courts apply the *Jackson v. Virginia* standard: "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  443 U.S. 307, 319 (1979) (emphasis in original).  This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law."  *Id.* at 324 n.16.  And in applying this standard, courts are mindful that "it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from the evidence admitted at trial."  *Cavazos v. Smith*, 565 U.S. 1, 2, (2011).

Because the Ohio Court of Appeals addressed Anthony's Ground One claim on the merits, a writ of habeas corpus can issue only if that decision was: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; (2) or was based on an unreasonable determination of the facts in light of the record before the state court.  28 U.S.C. § 2254(d).  So long as "fairminded jurists" could disagree on whether the state court correctly decided the claim, we may not grant relief. *Harrington v. Richter*, 562 U.S. 86, 101 (2011).  "All told, [Anthony's claim] faces two layers of judicial deference, one premised on deference to the jury under *Jackson*, the other premised on deference to the jury under AEDPA."  *Potts v. Wainwright*, No. 21-3293, 2022 U.S. App. LEXIS 13538, at *5 (6th Cir. May 18, 2022) (unreported) (internal quotation marks omitted).

Under Ohio's rape statute, "[n]o person shall engage in sexual conduct with another … when … [t]he other person is less than thirteen years of age."  Ohio Rev. Code. § 2907.02(A)(1)(b).  "Sexual conduct" includes: "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus … ; and, without privilege to do so, the insertion, however slight, of any part of the body … into the vaginal or anal opening of another." Ohio Rev. Code § 2907.01(A).

The Ohio Court of Appeals' denial of Anthony's Ground One claim was neither contrary to, nor an unreasonable application of, *Jackson*.  28 U.S.C. § 2254(d)(1).  Although the court cited state law to articulate the standard for evaluating sufficiency-of-the-evidence claims, the standard that it applied was consistent with *Jackson*.  *Compare* 443 U.S. at 319, *with* ECF Doc. 8-1 at 101 (quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991)); *see also Early v. Packer*, 537 U.S. 3, 8 (2002) (holding that a state court doesn't need to cite the applicable federal decision but need only apply a rule consistent with that opinion).

16

The Ohio Court of Appeals' decision also did not involve an unreasonable application of *Jackson* or an unreasonable determination of the facts.  28 U.S.C. § 2254(d).  Contrary to Anthony's argument, "[p]enetration is not required to commit cunnilingus.  Rather, the act of cunnilingus is completed by the placing of one's mouth on the female's genitals."  *State v. Lynch*, 98 Ohio St.3d 514, 527 (2003).  As the Ohio Court of Appeals concluded, Jane Doe #2's testimony, if believed, was sufficient evidence to establish that Anthony placed his mouth on her genitals when she was under the age of 13.  *See Brown v. Davis*, 752 F.2d 1142, 1144 (6th Cir. 1985) ("the testimony of a single, uncorroborated prosecuting witness … is generally sufficient to support a conviction"); ECF Doc. 8-1 at 103; ECF Doc. 8-2 at 51.  Thus, the state court's determination that there was sufficient evidence to support Anthony's rape conviction was neither contrary to the *Jackson* standard nor beyond any possibility of fair-minded disagreement.  *See Harrington*, 562 U.S. at 101.  Should the Court prefer to do dispose Anthony's Ground One claim on the merits, it should be denied as meritless.

### b.    Ground Two

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, under which the petitioner must show that (i) trial counsel behaved unreasonably; and (ii) that unreasonable performance prejudiced the defense.  466 U.S. 668, 687 (1984).  As with claims alleging insufficiency of the evidence, claims of ineffective assistance of counsel are subject to two layers of deference.  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).  "The question is not whether counsel's actions were reasonable [but] whether there is any reasonable argument that counsel satisfied *Strickland*[.]"  *Harrington*, 562 U.S. at 105.

Anthony has not shown that the Ohio Court of Appeals' rejection of his Ground Two claim was contrary to, or an unreasonable application of, *Strickland*.  28 U.S.C. § 2254(d)(1).

The court explicitly cited and applied the *Strickland* standard. ECF Doc. 8-1 at 104. And the court did not unreasonably apply *Strickland* when it rejected each of Anthony's instances of alleged ineffective assistance.

First, the Ohio Court of Appeals determined that any hearsay objections to the testimony of: (i) what Jane Doe #1 told her counselor, (ii) the social worker, or (iii) Detective Von Spiegel; and any objection to the social worker's opinion testimony would have been meritless. ECF Doc. 8-1 at 105–06. "Because the state appellate court ruled that the testimony at issue was not hearsay under [Ohio] law – a ruling to which a habeas court must defer … – [Anthony] cannot show that an objection by counsel would have been successful." *Davis v. Genovese*, No. 21-5816, 2022 U.S. App. LEXIS 15595, at *8 (6th Cir. June 6, 2022) (unreported) (internal citation omitted). And because counsel cannot be ineffective for failing to make a meritless objection, the court's ruling was not beyond any possibility of fair-minded disagreement. *See Harrington*, 562 U.S. at 101; *see also Mahdi v. Bagley*, 522 F.3d 631, 638 (6th Cir. 2008) ("No prejudice flows from the failure to raise a meritless claim.").

Second, the Ohio Court of Appeals determined that counsel reasonably could have concluded that objecting to the social worker's opinion testimony as improper vouching would have done more harm than good. *See* ECF Doc. 8-1 at 106–07. That finding was consistent with the *Strickland* standard. *See Harrington*, 562 U.S. at 105; *see also Hansford v. Angelone*, 244 F. Supp.2d 606, 613 (E.D. Va. 2002) ("Indeed, it is frequently better to remain silent than to draw attention to the matter."). Thus, the court's ruling was not beyond any possibility of fair-minded disagreement. *See Harrington*, 562 U.S. at 101; *see also Parker v. Bagley*, No. 1:01CV1672, 2006 U.S. Dist. LEXIS 63499, at *27–28 (N.D. Ohio Sept. 6, 2006).

18

Third, the Ohio Court of Appeals determined that Detective Von Spiegel's testimony of his efforts to contact Anthony did not constitute commentary on Anthony's pre-arrest silence. ECF Doc. 8-1 at 107.  The prohibition on the use of a defendant's pre-arrest silence as substantive evidence applies when the defendant expressly invokes his right to remain silent. *Salinas v. Texas*, 570 U.S. 178, 181 (2013).  There is no evidence on the record that Anthony ever invoked the right to remain silent at the time of the attempted communication efforts.  The admissibility of Detective Von Spiegel's testimony therefore turns on the court's application of state law, to which we must defer.  Because the court determined the statement was admissible under Ohio law, Anthony cannot show that any objection would have had merit.  *See Mahdi*, 522 F.3d at 638.  Thus, the court's ruling was not beyond any possibility of fair-minded disagreement.  *Harrington*, 562 U.S. at 101.

Fourth, the Ohio Court of Appeals determined that the admission of Jane Doe #2's testimony of the masturbation incident did not prejudice Anthony.  ECF Doc. 8-1 at 107.  Although the court did not elaborate on its reasoning, that finding was not without a reasonable basis.  *See Harrington*, 562 U.S. 98 ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court do deny relief.").  Anthony did not dispute the veracity of the sisters' testimony of the sexual misconduct he was alleged to have committed; rather, he challenged the timeline of when the misconduct took place.  *See* ECF Doc. 8-2 at 26–27, 231–36.  It is apparent from the jury's verdict that they credited the girls' timeline of events.  And the testimony of the sisters' abuse, even excluding the masturbation incident, was more than sufficient for a jury to find Anthony guilty of rape of Jane Doe #2 and gross sexual imposition against both victims.

Should the Court prefer to dispose of Anthony's Ground Two claim on the merits, it should be denied as meritless.

### C.    Ground Three

Anthony's Ground Three claim reiterates his Ohio App. R. 26(B) application arguments that appellate counsel was ineffective for inadequately briefing his sufficiency of the evidence assignment of error and for failing to raise a federal constitutional claim.[4]  ECF Doc. 1 at 8; ECF Doc. 12 at 13–17.  Warden Gray responds that Anthony's Ground Three claim lacks merit.  ECF Doc. 8 at 29–31.

The Ohio Court of Appeals' denial of Anthony's Ground Three claim was neither contrary to, nor an unreasonable application of, *Strickland*.  28 U.S.C § 2254(d)(1).  The court cited and applied the *Strickland* two-prong standard.  ECF Doc. 8-1 at 137–38.  And the court's rejection of Anthony's Ground Three claim did not involve an unreasonable application of *Strickland.*  Anthony's proposed sufficiency of the evidence argument was that the only evidence against him was circumstantial and, therefore, insufficient.  ECF Doc. 8-1 at 119.  But as the court's decision implies, it didn't matter in what way appellate counsel phrased Anthony's insufficient evidence claim; the court already determined that the evidence presented at trial was sufficient to convict him of rape.  ECF Doc. 8-1 at 139.  In other words, Anthony cannot establish prejudice based on the manner in which appellate counsel argued an issue when the actual issue was nevertheless fully considered by the court.  As for Anthony's second proposed claim of ineffective assistance of appellate counsel (failure to assert federal constitutional claims), Anthony did not articulate what constitutional claims appellate counsel was deficient for

---

[4] Anthony argues for the first time in his traverse that appellate counsel should have challenged the sisters' competency to testify.  ECF Doc. 12.  As that issue was raised for the first time in his traverse, I do not address it.  *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

not bringing.  *See* ECF Doc. 5-1 at 119–21; *see also Strickland*, 466 U.S. at 687 ("the *defendant* must show that counsel's performance was deficient" (emphasis added)).  Thus, the court's ruling was not beyond any possibility of fair-minded disagreement.  *See Harrington*, 562 U.S. at 101.  Thus, I recommend that Anthony's Ground Three claim be DENIED as meritless.

### III.    Certificate of Appealability[5]

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a certificate of appealability ("COA") for an issue raised in a §2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.  *Cunningham v. Shoop*, 817 F. App'x 223, 224 (6th Cir. 2020).  A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal quotation marks omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a claim is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

If the Court accepts my recommendations, Anthony will not be able to show that the Court's rulings on his claims are debatable among jurists of reason.  Anthony's Ground One and Ground Two claims are procedurally defaulted and meritless.  And his Ground Three claim is

---

[5] In light of the requirement that the Court either grant or deny a certificate of appealability at the time of its adverse order, a recommendation regarding the certificate of appealability is included.  Rule 11(a), 28 U.S.C. foll. § 2254.

meritless.  Because jurists of reason would not find these conclusions to be debatable, I

recommend that no COA issue in this case.

## IV.    Conclusion and Recommendation

In light of Anthony's recent state-court exhaustion efforts, Anthony's motion (ECF Doc.

10) is DENIED.

Because Anthony's claims are procedurally defaulted and/or meritless, I recommend that

Anthony's claims be DISMISSED as defaulted and/or DENIED on the merits and that his

petition for a writ of habeas corpus be DENIED.  I further recommend that Anthony not be

granted a certificate of appealability.


Dated: March 14, 2023

Thomas M. Parker
United States Magistrate Judge

------------------------------------------------

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may
serve and file specific written objections to the proposed findings and recommendations of the
magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§
636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the
assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the
right to raise the issue on appeal either to the district judge or in a subsequent appeal to the
United States Court of Appeals, depending on how or whether the party responds to the report
and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be
specific and not merely indicate a general objection to the entirety of the report and
recommendation; "a general objection has the same effect as would a failure to object." *Howard
v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus
on specific concerns and not merely restate the arguments in briefs submitted to the magistrate
judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge

22

without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).