UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES T. ANTHONY, | ) | Case No.: 5:22 CV 735 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID W. GRAY, Warden | ) | |
| | ) | |
| Respondent | ) | ORDER |

Currently pending before the court in the above captioned case is Petitioner Charles T. Anthony's ("Petitioner" or "Anthony") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (ECF No. 1). Anthony is incarcerated at the Belmont Correctional Institution currently serving a sentence of 20 years to life in prison after a jury found him guilty of one count of rape and two counts of gross sexual imposition. (*See* Report and Recommendation at 1, ECF No. 14.) The two victims of these offenses are Anthony's grandnieces, Jane Doe #1 and Jane Doe #2. Anthony filed his Petition on April 26, 2022, and Respondent David Gray ("Respondent" or "Gray") filed a Return of Writ (ECF No. 8) on September 14, 2022. Under Local Rule 72.2, the court referred the matter to Magistrate Judge Thomas M. Parker ("Magistrate Judge" or "Judge Parker") for a Report and Recommendation ("R & R"). Judge Parker filed the R & R (ECF No. 14) on March 14, 2023. Anthony filed an Objection to the R & R (ECF No. 16) on April 19, 2023. For the following reasons, the court adopts Judge Parker's Recommendation that the Petition be denied in its entirety.

**I.**  Summary of Judge Parker's Report and Recommendation

Judge Parker submitted a Report and Recommendation (ECF No. 14) on March 14, 2023, recommending that Anthony's Petition be denied. (R & R at 22, ECF No. 14.) Judge Parker detailed the procedural background behind Anthony's Petition in the R & R. (*Id.* at 1–9.)

In July 2020, Anthony was convicted by a jury on one count of rape and two counts of gross sexual imposition. (*Id.* at 2.) On August 28, 2020, Anthony appealed his conviction asserting three assignment of errors: (i) that the conviction was against the manifest weight and sufficiency of the evidence; (ii) that the state failed to present sufficient evidence for conviction; (iii) and that he was denied effective assistance of counsel. (*Id.* at 5.) On May 21, 2021, the Ohio Court of Appeals overruled Anthony's assignment of errors related to insufficient evidence and ineffective assistance of trial counsel and affirmed his conviction by the state trial court.

On August 12, 2021, Anthony filed a *pro se* application to reopen under Ohio Appellate Rule 26(B). (R & R at 8, ECF No. 14.) Anthony based this on his appellate counsel's failure to adequately brief his assignment of error on sufficiency of evidence because: (i) appellate counsel failed to articulate the "true standards of insufficient evidence"; and (ii) the only evidence against him was derived speculatively. (*Id.*) Additionally, Anthony claimed that his appellate counsel only raised state law issues and failed to raise federal constitutional claims. (*Id.*) On October 22, 2021, the Ohio Court of Appeals denied Anthony's Motion to Reopen. In March 2022, Anthony appealed the denial of his Rule 26(b) application to reopen to the Ohio Supreme Court. (*Id.* at 9.) The Ohio Supreme Court declined to exercise jurisdiction. (*Id.*)

Anthony then filed his Petition for Writ of Habeas Corpus. (ECF No. 1.) Anthony raises three grounds for relief in his Petition:

**Ground one**: There was insufficient evidence to support Anthony's rape conviction. (ECF No. 1 at 5.)
**Ground two:** Trial counsel was ineffective when he failed to object to (i) hearsay

testimony that (a) Jane Doe #1 told her counselor that Anthony had sexually abused her, (b) Jane Does #1 and #2 disclosed their abuse to a member of the Stark County Department of Job and Family Services, and (c) Jane Doe #1 told a detective that she believed something had happened with her sister; and (ii) other acts testimony that the sisters were made to watch Anthony masturbate. (ECF No. 1 at 7.)

**Ground three:** Appellate counsel was ineffective when he failed to adequately argue Anthony's sufficiency of the evidence assignment of error. (ECF No. 1 at 8.)

(R & R at 1–2, ECF No. 14.)

Anthony also brought a fourth ground for relief claiming that he was denied due process and equal protection during state court review and determination of the facts in light of the evidence. (Pet. at 10, ECF No. 1.) Magistrate Judge Parker found that Ground Four was subsumed into Grounds One through Three, and did not raise a discrete claim for relief.

Respondent argues in his Return of Writ that: (i) Ground One and Ground Two were not exhausted and are otherwise meritless; and (ii) Ground Three is meritless. (Return of Writ at 31–32, ECF No. 8.) In response to this, Anthony filed a Motion to Stay and hold these proceedings in abeyance so he could return to state court and exhaust Ground One and Ground Two. (ECF No. 10 at 2.) The court ordered Anthony to further address the issue in his Motion to Stay because he did not adequately brief it. (*See* Order, ECF No. 11.) Thus, Anthony filed a Traverse (ECF No. 12) to further address the merits of his Petition for Writ of Habeas Corpus and his Motion to Stay.

Judge Parker recommended that Anthony's Ground One and Ground Two be dismissed as a result of procedural default or, alternatively, denied as meritless. (R & R at 22, ECF No. 14.) Further, Judge Parker recommended that Anthony's Ground Three claim be denied as meritless. (*Id.*) Judge Parker also recommended that Anthony not be granted a certificate of appealability. (*Id.*)

On November 28, 2022, Anthony filed a *pro se* motion to file a delayed appeal with the Ohio Supreme Court, as he did not file an appeal within 45 days of the date on which the Ohio Court of Appeals filed its judgment entry. Anthony argued that he did not timely appeal because his appellate counsel failed to notify him of the Ohio Court of Appeals' decision, and he only learned of the decision "months" later from a prison law clerk. (R & R at 8, ECF No. 14.) The Ohio Supreme Court denied Anthony's motion for a delayed appeal on January 17, 2023.

### A.  Ground One and Ground Two

Petitioner asserts in Ground One that there was insufficient evidence to convict him. Anthony contends that a rational trier of fact could not have found evidence sufficient to prove the elements of rape because Jane Doe #2's testimony indicated only that he placed his mouth on her vagina, but did not penetrate her. (Pet. at 6, ECF No. 1.) Anthony asserts that there is no evidence in Jane Doe #2's testimony that he penetrated Jane Doe #2 or performed cunnilingus, but that it was improperly inferred by the jury that he had performed such acts. (*Id.*) In Ground Two, Petitioner asserts that his trial counsel was ineffective for not objecting to the testimony of the victims' mother, the child services investigator, and the detective. (Pet. at 8, ECF No. 1.) Anthony also asserts that his trial counsel was ineffective for not objecting to Jane Doe #2's testimony as to the timing of an incident in which Anthony made Jane Doe #1 and Jane Doe #2 watch him masturbate. (*Id.*)

Warden Gray responded by claiming that Anthony's Ground One and Ground Two claims are procedurally defaulted and meritless. (Return of Writ at 13, ECF No. 8.) Anthony argues in his Traverse that he has overcome procedural default because he has established "cause" through his claim of ineffective appellate counsel. (Traverse at 3–8, ECF No. 12.) Anthony asserts that his appellate counsel failed to notify him of the Ohio Court of Appeals'

decision, and that he did not receive a date-stamped copy of the Ohio Court of Appeals' decision until Gray filed his Return of Writ on September 19, 2022. (*Id.* at 5.) Lastly, Anthony argues that dismissing his claims due to default would be a fundamental miscarriage of justice. (*Id.* at 8.)

1. *Procedural Default*

Magistrate Judge Parker relied on the four-part test from *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine whether Anthony had procedurally defaulted on his claims. Judge Parker found that Petitioner did default because 1) he failed to make a timely request for jurisdictional review, 2) the Ohio Supreme court enforced the timeliness rule, 3) the state procedural rule was an adequate and independent ground for denying review, and 4) Anthony did not show cause and prejudice that would excuse the default. Judge Parker determined that Anthony showed no cause to excuse the default because he waited longer than 45 days after learning of the Ohio Court of Appeals' opinion to file his appeal to the Ohio Supreme Court. (R & R at 13, ECF No. 14.) Furthermore, Ground Two does not fall under the *Martinez-Trevino* exception for "cause" due to ineffective assistance of counsel because Anthony raised the issue of ineffective assistance of counsel for the first time in his motion for leave to file a delayed appeal to the Ohio Supreme Court. (R & R at 14, ECF No. 14.) Lastly, Judge Parker found no miscarriage of justice that would excuse default because none of Anthony's grounds for relief rely on new evidence. (*Id.* at 15.) The Magistrate Judge therefore recommended that Grounds One and Two be dismissed as procedurally defaulted. (*Id.*)

2. Merits

Judge Parker recommended that even if Grounds One and Two are not dismissed for procedural default, they should be denied as meritless. (R & R at 15, ECF No. 14.)

Considering Ground One, Judge Parker applied the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), under which a court may find sufficient evidence if after examining evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (R & R at 15, ECF No. 14.) Judge Parker also applied 28 U.S.C. § 2254(d), which explains that a writ of habeas corpus can only issue if the trial court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court or was based on an unreasonable determination of the facts in light of the record before the state court." (*Id.* at 16.) Judge Parker recommended denying Ground One on the merits because "cunnilingus is completed by the placing of one's mouth on the female's genitals." *State v. Lynch*, 752 F.2d 1142, 1144. Jane Doe #2's testimony established that Anthony had done just that, and the trial court found that these acts satisfied the statutory requirement for rape under Ohio Revised Code § 2907. Thus, Jane Doe #2's testimony was not contrary to the *Jackson* standard, and fair-minded jurists could disagree on whether the court correctly decided the claim. (R & R at 17, ECF No. 14.) Judge Parker therefore recommended denying Ground One on the merits. (*Id.*)

Proceeding to Ground Two, Judge Parker applied the standard from *Strickland v. Washington*, 466 U.S. 668, 687 (1984), under which Petitioner must show that their trial counsel behaved unreasonably by failing to object to certain testimony, and that the unreasonable performance prejudiced Anthony's defense. (R & R at 17, ECF No. 14.) Anthony would have to show that the Ohio Court of Appeals' rejection of Ground Two was contrary to, or an unreasonable application of, *Strickland*. *See* 28 U.S.C. § 2254(d)(1). First, Judge Parker noted that the Ohio Court of Appeals concluded that the testimony in question was not hearsay, and

thus Anthony's counsel could not have been ineffective for failing to object to admissible testimony. (R & R at 18, ECF No. 14.) Judge Parker also finds that it was within the *Strickland* standard for the Ohio Court of Appeals to conclude that objecting to the social worker's testimony would have done more harm than good. (*Id.*) Judge Parker concluded that the Court of Appeals did not violate *Strickland* when it concluded that evidence of Anthony's pre-arrest silence was not admissible because he had not explicitly invoked his right to remain silent. (*Id.* at 19.) Lastly, because Anthony challenged the timing of the masturbation incident, not whether it had occurred at all, the Magistrate Judge concluded that the testimony did not prejudice Anthony. (*Id.*) Having concluded that the Ohio Court of Appeals application of *Strickland* was not unreasonable, Judge Parker therefore recommended denying Ground Two on the merits. (*Id.* at 20.)

### A. Ground Three

Anthony's third ground for relief claims that his appellate counsel was ineffective for inadequately briefing his arguments on sufficiency of the evidence and for failing to raise a federal constitutional claim. (R & R at 20, ECF No. 14.) Magistrate Judge Parker concluded that Anthony's Ground Three claim did not involve an unreasonable application of *Strickland* because the Ohio Court of Appeals had already determined that the trial evidence was sufficient to convict him. Judge Parker found that this issue was fully considered by the court, and that there was no prejudice based on the manner in which appellate counsel attempted to make the argument. As for the claim of failure to raise a federal constitutional issue, Magistrate Judge Parker found that Anthony did not say what constitutional claims in particular his counsel failed to raise is and the Ohio Court of Appeals' ruling is therefore not beyond the possibility of fair-minded disagreement. (*Id.* at 21.). Having concluded that the Ohio Court of Appeals' application

of *Strickland* was not unreasonable, Judge Parker recommended denying Ground Three on the merits. (*Id.*)

## II. Petitioner's Objection to the Report and Recommendation

Petitioner filed an Objection (ECF No. 16) to the Magistrate Judge's R & R on April 19, 2023. He sets forth seven objections therein:

**Objection 1:** Anthony objects to the finding that he has procedurally defaulted, arguing that Judge Parker has incorrectly applied *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728 (1999). Petitioner asserts that the state court did not rely on any procedural defaults in denying his claims, nor have they identified any independent State Procedural Rule that Petitioner has failed to follow during discretionary review. (Objection at 1–2, ECF No. 16.)

**Objection 2:** The Magistrate Judge ignored Petitioner's argument that "cause" existed for his failure to file timely appeal due to the Ohio Court of Appeals failing to provide a date-stamped copy of the opinion and judgment entry. (*Id.* at 4.)

**Objection 3:** Anthony objects to the Magistrate Judge's findings that the argument for ineffective assistance of appellate counsel did not establish cause excusing default because Petitioner raised the claim for the first time in his Motion for Leave to File a Delayed Appeal, and that the claim lacked merit. (*Id.* at 5.)

**Objection 4:** Anthony objects to the Magistrate Judge's finding that the Court of Appeals' denial of Ground One (insufficiency of evidence) was neither contrary to, nor an unreasonable application of *Jackson v. Virginia*. (*Id.* at 9.)

**Objection 5:** Anthony objects to the Magistrate Judge's determination that the Court of Appeals' finding that Ground Two (ineffective assistance of trial counsel) was neither contrary to, nor an unreasonable application of *Strickland v. Washington*. (*Id.* at 12.)

**Objection 6:** The Magistrate Judge violated 28 U.S.C. § 2254(d)(1) when it considered and/or made factual findings outside of the state court record. (*Id.* at 23.)

**Objection 7:** Anthony objects to the Magistrate Judge's determination that the Court of Appeals' finding that Ground Three was neither contrary to, nor an unreasonable application of *Strickland v. Washington*. (*Id.*)

The court adopts Judge Parker's R & R (ECF No. 14.) None of Petitioner's objections are well-taken, and the court will address each objection in turn.

### A.  Ground One

The court adopts Judge Parker's recommendation that Ground One alleging insufficient evidence to convict Anthony's rape conviction be rejected and therefore dismissed. Objection One, Objection Two, and Objection Four relate to Ground One and will be addressed in turn.

#### 1.  Objection One

Petitioner first objects to the Magistrate Judge's finding that he procedurally defaulted on Ground One. (Objection at 1–2, ECF No. 16.) Anthony asserts that he did not procedurally default because the Ohio state courts did not rely on any procedural defaults in denying his claims, nor have they identified any independent State Procedural Rule that he has failed to follow, and because the Supreme Court of Ohio's timeliness rules are not an adequate and independent state ground to bar federal habeas review. (*Id.*) Petitioner contends that the State did not clearly give notice that Petitioner must raise habeas claim on discretionary appeal in order to preserve them. (*Id.* at 3.) However, the Ohio Supreme Court was enforcing its timeliness rule

when it rejected Anthony's motion for leave to file a delayed appeal. (R & R at 12, ECF No. 14.) *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) requires that a state prisoner exhaust the State's appellate review process before filing a habeas petition. Magistrate Judge Parker properly applied the four-part test from *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), in determining that Anthony's Ground One and Ground Two claims were procedurally defaulted due to failure to timely appeal. The Ohio Supreme Court enforced the timeliness rule by denying Anthony's Motion for Leave to File a delayed appeal, and the timeliness rule constitutes an adequate and independent ground for denial, as seen in *Baker v. Bradshaw*, 495 F. App'x 560, 566 (6th Cir. 2012). Anthony did not exhaust appellate review because he did not follow the procedural requirements for review, and for this reason, the court must reject Petitioner's first objection.

### 2.  Objection Two

Petitioner next objects to the Magistrate Judge's finding that Anthony did not provide sufficient cause for failure to file a timely appeal. (Objection at 4, ECF No. 16.) Anthony asserts that the Magistrate Judge ignored his argument that he was precluded from filing a timely appeal because the Ohio Court of Appeals failed to provide him a date-stamped copy of the opinion and judgment entry. (*Id.*) If a party is represented by counsel, Ohio Appellate Rule 30 requires the clerks to serve notice on a party's counsel. Here, Anthony did have counsel and there was thus no requirement that the clerk mail him a copy of the judgment. Anthony argues that his counsel did not inform him of the Ohio Court of Appeals' decision, and that ineffective assistance of counsel constituted cause excusing his default. (Traverse at 6, ECF No. 12.) However, as Judge Parker noted, this argument itself is procedurally defaulted because the Ohio Supreme Court enforced its timeliness rule when it rejected Anthony's motion for leave to file a delayed appeal. Judge Parker properly reasoned that this timeliness rule was an adequate and independent state

ground for denying review of a federal constitutional claim. (R & R at 12, ECF No. 14.) Thus, Anthony procedurally defaulted on this claim. Consideration of this argument therefore would not have altered the Magistrate Judge's recommendation. The court rejects Anthony's second objection.

### 3. Objection Four

Petitioner next objects to the Magistrate Judge's determination that the Court of Appeals' rejection of Ground One was neither contrary to, nor an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979). (Objection at 9, ECF No. 16.) According to *Jackson*, when a court is reviewing a claim of lack of sufficient evidence, the standard is: "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Petitioner claims that one of the state court's factual determinations was erroneous, and that the jury's resolution of questions of credibility and demeanor should be entitled to special deference. (Objection at 12, ECF No. 16.) Specifically, Petitioner asserts that the factual determination that Petitioner's tongue penetrated Jane Doe #2 was erroneous because Jane Doe #2 testified that Anthony placed his mouth on her vagina, but the jury was left to assume what he did thereafter. (*Id.* at 12.)

However, as the Magistrate Judge correctly notes, Ohio's rape statute prohibits "sexual conduct" with a person "less than thirteen years of age." Ohio Rev. Code. § 2907.01(A); (R & R at 16, ECF No. 14.) Furthermore, the statute defines "sexual conduct" to include cunnilingus. *Id.* The Magistrate Judge cites *State v. Lynch*, 98 Ohio St.3d 514, 527 (2003), in which the Supreme Court of Ohio held that cunnilingus does not require penetration but is completed when an individual puts their mouth on a female's genitals. Because Jane Doe #2 was under the age of 13,

her testimony that Anthony placed his mouth on her vagina was sufficient to establish rape, and the jury's factual determination was therefore not erroneous. Further, as noted by Petitioner, the court should give special deference to the jury's determinations regarding credibility and demeanor. *See Patton v. Yount*, 467 U.S. 1025, 1038 (1984). Here, the jury determined that Jane Doe #2's testimony was credible. Further, a conviction can generally be supported by a "single, uncorroborated prosecuting witness." *Brown v. Davis*, 752 F.2d 1142, 1144 (6th Cir. 1985). Thus, the Magistrate Judge properly concluded that the Ohio Court of Appeals did not rule contrary to the *Jackson* standard when it affirmed Anthony's conviction. The court therefore rejects Anthony's fourth objection.

### B. Ground Two

The court adopts Judge Parker's recommendation that Ground Two alleging ineffective assistance of trial counsel be rejected and therefore dismissed. Objection One and Objection Five relate to Ground Two and will be addressed in turn.

#### 1. Objection One

Petitioner objects to the Magistrate Judge's finding that he procedurally defaulted on Ground Two. (Objection at 1–2, ECF No. 16.) As seen in the analysis under Ground One Objection One above, this argument is rejected because Anthony did procedurally default.

#### 2. Objection Two

Petitioner objects to the Magistrate Judge's finding that he did not provide sufficient cause for failure to file a timely appeal. (Objection at 4, ECF No. 16.) As seen in the analysis under Ground One Objection Two above, this argument is rejected because Anthony procedurally defaulted on his claim.

#### 3. Objection Five

Next, Anthony objects to the Magistrate Judge's finding that the Ohio Court of Appeals' rejection of his claim of ineffective assistance of trial counsel was not in violation of *Strickland v. Washington*, 466 U.S. 668 (1984). (Objection at 12, ECF No. 16.) Anthony claims that the Magistrate Judge failed to conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law. (*Id.* at 13.) However, the Magistrate Judge did conduct an analysis to determine whether the state court violated federal law, and properly determined that it did not. (R & R at 15–20, ECF No. 14.) Anthony claims that the Magistrate Judge improperly found that Anthony did not dispute the veracity of the sisters' testimony, arguing that the state court record does not support that finding. (Objection at 15, ECF No. 16.) However, that finding was in fact derived from the state court record, which indicates that Anthony only disputed the timeline of the events. (R & R at 19, ECF No. 14.)

Additionally, Anthony claims that the appellate court unreasonably applied federal law by finding that any error by trial counsel did not prejudice the petitioner beyond a reasonable doubt. (*Id.*) This objection is fruitless because "[t]he federal court may not grant a habeas petition, however, if the state court simply erred in concluding that the State's errors were harmless; rather, habeas relief is appropriate only if the state court applied harmless-error review in an 'objectively unreasonable' manner." *Mitchell v. Esparza*, 540 U.S. 12, 18 (2003). Anthony provides no evidence that the State's harmless-error review was objectively unreasonable. Anthony claims that evidence supporting his conviction was only introduced into federal court and thus cannot be relied upon, but the Ohio Court of Appeals explicitly detailed the evidence presented against Anthony that resulted in his conviction. *See State v. Anthony*, 2021-Ohio-1755, *appeal not allowed*, 2022-Ohio-743, 166 Ohio St. 3d 1428, at ¶¶ 2-13 (2022). For these reasons, the court rejects Anthony's fifth objection.

13

## C.  Ground Three

The court adopts Judge Parker's recommendation that Ground Three alleging ineffective assistance of appellate counsel be rejected and therefore dismissed. Objection Three, Objection Six, and Objection Seven relate to Ground Three and will be addressed in turn.

### 1.  Objection Three

Petitioner next objects to the Magistrate Judge's finding that his claim of ineffective assistance of appellate counsel did not establish cause for Petitioner's procedural default, because he raised the claim for the first time in his Motion for Leave to File a Delayed Appeal and because the claim lacked merit. (Objection at 5, ECF No. 16.) Anthony contends that his due process rights were denied when he did not receive notice of the final judgment from the Ohio Court of Appeals or from his counsel. (*Id.*) As noted in the response to Objection Two, the Ohio Court of Appeals had no obligation to inform Anthony of the decision, but was required to inform his counsel. *See* Ohio R. App. P. 30. The Magistrate Judge properly reasoned that such a claim for ineffective assistance of counsel may itself be procedurally defaulted if raised for the first time in a delayed motion for appeal. (R & R at 13, ECF No. 14.)

Anthony further contends that there were "other circumstances" that prove "cause" as described in *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 434 (6th Cir. 2006). Petitioner correctly notes that when a petitioner is unable to prove cause and prejudice, a petitioner's claim may be considered if failure to review would result in a "miscarriage of justice." *Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002). However, Petitioner fails to recognize that a fundamental miscarriage of justice results only from the conviction of a defendant who is "actually innocent." *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006) (citing *Murray v.*

*Carrier,* 477 U.S. 478, 496 (1986)). In his objection, Petitioner has made no argument that he is actually innocent. The court therefore rejects Anthony's third objection.

### 2.  **Objection Six**

Next, Anthony argues that the Magistrate Judge violated 28 U.S.C. § 2254(d)(1) by making factual findings outside of the state court record. (Objection at 23, ECF No. 16.) However, the Magistrate Judge did not make a factual finding outside of the state record in noting the lack of evidence that Anthony invoked the right to remain silent. Rather, Judge Parker examined the record in order to draw that conclusion. Similarly, the Magistrate Judge cited to the state court record in finding that Anthony only challenged the timeline of the masturbation incident, not whether it occurred. (R & R at 19, ECF No. 14.) Lastly, the Magistrate Judge properly concluded that the Ohio Court of Appeals acted reasonably in finding that the admission of Jane Doe #2's testimony did not prejudice Anthony. (*Id.*) Judge Parker correctly concluded that, even excluding the masturbation incident, other testimony presented was sufficient to support a conviction. The court therefore rejects Anthony's sixth objection.

### 3.  Objection Seven

Petitioner objects to the Magistrate Judge's finding that the Court of Appeals' denial of Petitioner's claim of ineffective assistance of appellate counsel was neither contrary to, nor an unreasonable application of, *Strickland*. Anthony's objection is not well taken because, as the Magistrate Judge states, the Court of Appeals already determined that the evidence presented at trial was sufficient to convict Anthony of rape. (R & R at 20, ECF No. 14.) Anthony argues that his appellate attorney's method of arguing was ineffective, but a different approach would not have affected the outcome of the case. It would not have mattered how appellate counsel argued the issue, because the Court of Appeals fully analyzed the merits of the issue and affirmed that

there was sufficient evidence to convict Anthony. Further, the Magistrate Judge correctly concluded that Anthony did not articulate any constitutional claim. (*Id.*) Thus, the court's ruling was not beyond the possibility of a fair-minded disagreement. The court therefore rejects Anthony's seventh objection.

### C.  Certificate of Appealability

A court may grant a certificate of appealability under 28 U.S.C. § 2253(c)(1)(A) for a §2254 habeas petition only if a petitioner substantially shows they have been denied a federal constitutional right. *Cunningham v. Shoop*, 817 F.App'x 223, 224 (6th Cir. 2020). In order to satisfy this standard, a petitioner must demonstrate that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 580 U.S. 100, 137 S. Ct. 759, 773 (2017). If a habeas claim is denied on procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Judge Parker concluded that Anthony's Ground One and Ground Two were both procedurally defaulted and meritless, and that Ground Three was meritless. (R & R at 21, ECF No. 14.) In recommending denying these grounds, Judge Parker concluded that no reasonable jurist could debate these conclusions. (*Id.* at 22.) This court agrees with Judge Parker and adopts his recommendation that Anthony not be granted a certificate of appealability.

### I.  CONCLUSION

For the foregoing reasons, the court adopts Judge Parker's R & R (ECF No. 14) and denies Petitioner's objections. Therefore, the court denies Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and declines to grant a certificate of appealability.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

July 19, 2023